[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Date of Sentence: October 15, 1999 Date of Application: November 2, 1999 Date of Decision: February 26, 2002
Application for Review of Sentence imposed by the Superior Court, Judicial District of Waterbury, Docket Nos. CR 98-271953, CR 98-271954, CR 98-271955, CR 98-271956, CR 98-271957, CR 99-278939.
John J. Davenport, Esq. Counsel for State
Richard M. Marano, Esq. Counsel for the Petitioner
 BY THE DIVISION
On April 16, 1999, the petitioner pled nolo contendere to 6 counts of issuing bad checks cumulatively amounting to approximately $126,945.51, for which said checks were returned to the respective payees as not honored for lack of sufficient funds. In each of the six instances of issuing a bad check the amount was in excess of $1,000 and each issuance is a class D felony pursuant to CGS § 53a-128. The total exposure of petitioner was up to thirty (30) years incarceration and a $30,000 fine. The petitioner was sentenced to a term of incarceration of 12 years, execution suspended after serving 7 years, to be followed by 5 years probation with a specific condition of restitution to each of the six victims involved in the cases in which findings of guilty were made. It is this sentence the petitioner seeks to have reviewed by the Division.
The record reveals that the petitioner was a construction contractor for a development project in Waterbury. The petitioner issued checks to subcontractors for work performed by the respective subcontractors. The checks issued by the petitioner that form the factual basis of the CT Page 3632 existing charges is six checks totaling $126,945.51 that were not honored by the banks for lack of sufficient funds.
At the hearing before the Division petitioner's counsel claimed that there was no criminal intent on the petitioner's behalf and that at no time did the petitioner intend to steal from the subcontractors. Counsel for petitioner claimed that petitioner was not paid by others for work the petitioner performed which resulted in a lack of sufficient funds for the petitioner to pay the subcontractors. Counsel characterized the situation as poor business fortunes by a well intentioned businessman.
Counsel for petitioner filed an extensive "Memorandum of Law In Support of Defendant's Request for Sentence Reduction" dated February 21, 2002. The memorandum was reviewed by the Division and indicates, inter alia, that apparently third parties made payments to the victims either in whole or in part which either offsets their respective losses or makes them whole. "It is the defendant's belief that the subcontractors were, in fact, paid in full or in part to cover their claimed losses on these matters." Page 7.
The fact that there is no corroboration of these representations of restitution is of no moment to the Division. Counsel for petitioner is requesting the Division to consider matters that the petitioner claims transpired after sentencing, any such inquiry or consideration is outside the authority of the Division. The Division will consider other factors in mitigation that are included in the memorandum that were before the sentencing court.
The petitioner addressed the Division and indicated that he was hurt by comments made by the sentencing Court and he indicated he was under stress at the time the pleas of nolo contendere were entered as he would not have entered his pleas otherwise. Petitioner indicated, apparently in explanation for the issuance of the checks, that he "did not want the (subcontractors) to walk off the job." Petitioner indicated it was at this time (of the issuance of the checks) that he began drinking
Counsel for the State countered that it was a consistent scheme" of the petitioner to "beg and steal from Peter to pay Paul." Counsel for the State represented that the petitioner never had the money (to pay the subcontractors). Counsel for the state further indicated that there is reason to believe there was "scamming in Florida to raise restitution money" (for the instant matters).
It is noteworthy that the record reflects that the petitioner was previously convicted in New York state for wire fraud wherein he "was billing people for goods and services he didn't perform. He got supplied CT Page 3633 from suppliers and skipped town." It is further noteworthy that petitioner has "scheme to defraud and grand theft" charges pending in the state of Florida at the time of sentencing.
Pursuant to Connecticut Practice Book § 43-23 et seq., the Sentence Review Division is limited in the scope of its review. The Division is to determine whether the sentence imposed "should be modified because it is inappropriate or disproportionate in the light of the nature of the offense, the character of the offender, the protection of the public interest and the deterrent, rehabilitative, isolative and denunciatory purposes for which the sentence was intended."
The Division is without authority to modify sentences except in accordance with the provision of Connecticut Practice Book § 43-23 et seq. and Connecticut General Statute § 51-94 et seq.
It is apparent from the prior criminal history of the petitioner and a review of the entire record there was ample information for the sentencing court to conclude the instant matters were not simply a case of bad business fortunes but in the nature of a scheme to defraud. The amount of monies out of which the subcontractors were defrauded is noteworthy.
In reviewing the records as a whole, the Division finds that the sentencing court's actions were in accordance with the parameters of Connecticut Practice Book § 43-23 et seq.
The sentence imposed was neither inappropriate nor disproportionate.
The sentence is AFFIRMED.
Miano, J.
Klaczak, J.
Norko, J.
Miano, J., Klaczak, J., and Norko, J. participated in this decision. CT Page 3634